**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEROME CRENSHAW | ) | CASE NO. |
| 4041 Wyncote Road | ) | |
| South Euclid, Ohio 44121, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE FAIR** |
| | ) | **LABOR STANDARDS ACT** |
| NESTLE USA, INC. | ) | |
| c/o CT Corporation System, Registered Agent | ) | **JURY DEMAND ENDORSED** |
| 4400 Easton Commons Way | ) | **HEREIN** |
| Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION.

1.  Through a company-wide failure to include a shift differential in the calculation of the regular

    rate of pay, Defendant Nestle USA, Inc. ("Nestle") systematically failed to pay Plaintiff

    Jerome Crenshaw and other similarly-situated employees the proper overtime rate.

    Accordingly, Nestle's conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.

    Code § 207. On behalf of himself and all other similarly situated employees, Crenshaw brings

    this collective action for the recovery of unpaid minimum overtime wages under the FLSA,

    29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Collective

    Class Members."

## PARTIES.

2.  Crenshaw is an individual residing in Cuyahoga County, Ohio. Crenshaw performed work

    for Nestle within the last three years for which he was not paid the overtime wages

guaranteed by the FLSA. Crenshaw's signed consent to sue form is attached hereto as Exhibit "A."

3.  The FLSA Collective Class Members are all current and former employees of Nestle who were paid on and hourly basis, who were paid a shift differential, and who worked for Nestle for any period of time during the three-year period immediately preceding the filing of this Complaint to present who were not paid all overtime wages due.

4.  Nestle is a foreign corporation that operates one or more food processing/manufacturing plants in Ohio, to include a factory located in Solon, Ohio.

## PERSONAL JURISDICTION.

5.  Nestle hires citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Nestle comports with due process.

6.  Crenshaw and those similarly-situated performed work in this judicial district, were paid unlawfully by Nestle pursuant to work performed in this district and/or were hired out of this district.

7.  This cause of action arose from or relates to the contacts of Nestle with Ohio residents, thereby conferring specific jurisdiction over Nestle.

## SUBJECT MATTER JURISDICTION AND VENUE.

8.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.  Venue is proper in this District because Nestle does a sizeable portion of their business in this District, and the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

10. At all times referenced herein, Nestle was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times material to the Complaint, Crenshaw and those similarly-situated directly participated in the actual movement of things in interstate commerce by manufacturing and/or processing food products that moved in interstate commerce.

## FACTUAL ALLEGATIONS.

12. Crenshaw is a former employee of Nestle.

13. Crenshaw began working for Nestle on July 25, 1995.

14. Crenshaw worked for Nestle as an Ingredient Handler.

15. Crenshaw worked for Nestle at its Solon, Ohio location.

16. At all times referenced herein, Crenshaw was paid on an hourly basis.

17. At all times referenced herein, Crenshaw was paid on a weekly basis.

18. At all times referenced herein, Nestle paid a shift differential to Crenshaw and those similarly situated for working certain shifts, varying from $0.50 per hour to $0.75 per hour ("Shift Differential").

19. Crenshaw and those similarly situated often worked more than 40 hours a week and were paid overtime for those hours over 40 in a given week.

20. At all times referenced herein, Nestle calculated the overtime paid to Crenshaw and those similarly situated based solely on their hourly rate, and failed to include the Shift Differential in the calculation of overtime ("Shift Differential Scheme").

21. As a result of Nestle's Shift Differential Scheme, Crenshaw and those similarly situated were systematically denied the full overtime payments they were entitled to.

22. For example, for the week of August 3, 2020, Nestle paid Crenshaw for 13 hours of overtime at a rate of $35.83 based on his hourly rate of $23.89. ("August 3, 2020 Paycheck")

23. Crenshaw also received an additional $8.05 in Shift Differential Pay in his August 3, 2020 Paycheck.

24. Nestle improperly and illegally failed to include the $8.05 in Shift Differential Pay in the calculation of Crenshaw's regular rate of pay.

25. Based on Crenshaw's base pay of $23.89 for forty hours and $8.05 in Shift Differential Pay, totaling $963.63, Crenshaw's Regular Rate of Pay for the week of August 3, 2020 was $24.09.

26. Crenshaw's overtime rate for the week of August 3, 2020 should have been calculated as one and one half time $24.09, but Nestle instead based his overtime rate on his hourly rate of $23.89.

27. At all times referenced herein, Nestle intentionally and willfully failed to include the Shift Differential paid to Crenshaw and other hourly employees.

28. As a result of Nestle's willful failure to properly pay overtime at the proper rate, Crenshaw suffered damages.

29. Crenshaw was terminated from his employment with Nestle on or about September 2, 2020.

## FLSA COLLECTIVE ACTION ALLEGATIONS.

30. Crenshaw incorporates by reference each the allegations in the preceding paragraphs.

31. At all times referenced herein, Nestle employed hourly employees at its factories who received Shift Differential pay at manufacturing plants in Solon, Ohio, Batavia, Ohio, Cleveland, Ohio, and Zanesville, Ohio.

32. Crenshaw brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> All current and former employees of Nestle USA Inc. who worked at any Nestle manufacturing plant located in Ohio for any period of time during the three years immediately preceding the filing of this Complaint, who were paid on an hourly basis and received a shift differential

33. Nestle's practice of not including Shift Differential Pay in the calculation of overtime was not limited to Crenshaw and effected all members of the putative collective similarly.

34. Collective Action treatment of Crenshaw's FLSA claim is appropriate because Crenshaw and the FLSA Collective Class Members have been subjected to the same common business practice referenced in Paragraphs 20 of the foregoing Complaint and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' company-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

35. Nestle has been sued numerous times for violating the FLSA; as a result, Nestle knew or should have known of its obligation to comply with the FLSA when paying its employees; nonetheless, Nestle knowingly, willfully, and/or recklessly made the decision to short its hourly employees of the overtime pay they were entitled to.

36. Nestle's violation of the FLSA was made in the absences of any good faith belief that the practices described above were lawful or complied with the FLSA requirement to pay hourly, non-exempt employees overtime.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

37. Crenshaw re-alleges and incorporates by reference the allegations set forth in paragraphs 1-34, above.

38.  The FLSA requires each covered employer, such as Nestle, to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

39.  Crenshaw and those similarly-situated were not exempt from the right to receive overtime pay under the FLSA during their employment with Nestle.

40.  Crenshaw and those similarly-situated are entitled to be paid overtime compensation for all overtime hours worked.

41.  At all times relevant to this Complaint, Nestle had a policy and practice of failing to pay the proper overtime rate to its hourly employees by excluding shift differential payments from the calculation of the regular rate of pay and corresponding overtime rate.

42.  Nestle either recklessly failed to investigate whether its failure to pay Crenshaw and those similarly-situated the proper overtime rate violated the Federal Wage Laws of the United States; it intentionally misled Crenshaw and those similarly-situated to believe that Nestle was paying overtime correctly, and/or Nestle concocted a scheme pursuant to which it deprived Crenshaw and those similarly-situated of the overtime pay they earned.

43.  Nestle's failure and refusal to pay Crenshaw and those similarly-situated the proper overtime wage for all overtime hours worked was willful, intentional, and not in good faith.

44.  Crenshaw and those similarly situated are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jerome Crenshaw requests judgment in his favor against Defendant, containing the following relief:

(a) Designating this action as a collective action on behalf of Plaintiff and the Collective he represents pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. §

6

216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designating Plaintiff as the representative for the Collective;

(c) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(d) Awarding Plaintiff and the Collective unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
25825 Science Park Drive, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Jerome Crenshaw*

## JURY DEMAND

Plaintiff Jerome Crenshaw demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**